ROBERT FINKELSTEIN *et al. vs.* GIROGOS TATEOSIAN.

JULY 26, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a bill in equity for specific performance of a written agreement concerning certain properties and for an injunction. Following a hearing in the superior court on bill, answer, replication and proof, the bill was denied and dismissed with costs. The cause is before us on complainants' appeal from the entry of a final decree in accordance with the decision.

The two properties involved are located across from each other on Harris avenue, a main highway in the city of Woonsocket. Complainants own and occupy the premises at the southeasterly corner of Harris avenue and Meadow road, while respondent's premises are at the southwesterly corner of Harris avenue and Highland street, the last-named street being practically a continuation of Meadow road on the westerly side of Harris avenue and appreciably downgrade from that point.

The controversy between the parties concerns certain alterations that respondent made to a one-story wooden building at the street corner of his premises and to a nearby structure on Highland street. It appears in evidence that he bought the property, apparently vacant land, in 1922. Shortly thereafter he erected the above-mentioned wooden building where he has ever since conducted a variety store. Originally the entrance to that store was on Harris avenue

but later it was changed to Highland street, some six or seven feet from the corner. The other structure that we have mentioned, which was built about 1923 as the foundation for a house, was subsequently roofed over and thereafter used for the storage of automobiles. This structure we will hereinafter call the garage.

In the course of developing his property respondent, for reasons not necessary to mention, on September 26, 1926 entered into a written agreement with certain neighboring property owners, one of whom was Mary A. Monahan, complainants' predecessor in title. They purchased the Monahan property in 1943. We need not describe the agreement in detail except to say that it allegedly bound the parties and their successors and purported to impose a number of restrictions with reference to the future development and use of respondent's property.

In the spring of 1948 respondent applied for a variation from the zoning ordinance to permit him to enlarge the store building, which application, after notice and hearing by the zoning board of review, was duly granted. He then proceeded to make the following alterations: the rear of the store was extended some 12 feet on Highland street and the entire building refaced with imitation brick siding; the entrance to the store was moved a few feet easterly on Highland street and placed diagonally across the corner of the building at the intersection of that street with Harris avenue; and the roof of the garage, which was raised about six inches on one side for better drainage, was resurfaced with black tar paper, as it always had been. All this work, which was apparently done in plain view of the complainants, was completed in January 1949. The present bill was filed in March of that year.

Complainants first contend that the alterations just mentioned constituted new construction in violation of the 1926 agreement. Respondent's position on this issue is that the agreement is unenforceable because it is without consideration. For the purposes of this case it is not

necessary to determine the validity of the agreement as we will assume, without deciding, that it is a valid instrument binding the parties, their heirs and assigns.

It would serve no useful purpose to refer at any length to the evidence, which is in conflict on all issues between the parties. A mere indication of their respective testimony is sufficient. With reference to the extension of the store building respondent testified that he not only notified complainants of his intention to build such an addition but in the presence of the complainant husband also paced off at the situs the extent thereof and having received his approval proceeded with that work. The complainant husband, hereinafter called Finkelstein, admitted such conduct on the part of respondent but stated that he consented to an extension of several feet only, whereas the extension as built amounted to some 12 feet.

Complainants stress the alleged prejudicial effect upon their property resulting from the relocation of the door to the store. Finkelstein testified among other things that, if the entrance had remained on Highland street, some six or seven feet from the corner, respondent's customers and delivery men would be less likely to stop their vehicles in front of complainants' premises; that people would not congregate so easily at the corner; and that children and others would not throw small articles of refuse, such as "popsicle covers" and candy wrappers, on Harris avenue to be thence blown onto their property. We note here Finkelstein's admission that his wife runs a school on the premises, which is attended by some twenty-two children daily; that this undertaking is a "hobby" of the wife, although tuition is charged; and that in connection with the school she also sells, by appointment, educational books and toys. Mrs. Finkelstein did not testify. Furthermore, there is uncontradicted testimony from respondent that the store entrance was placed at the corner on the order of the then building inspector, who believed that since Highland street was downgrade from Harris avenue

a relocation of that entrance as directed by him was in the interest of public safety.

The only other objection urged by Finkelstein which we will mention is that the changes hereinbefore described to the roof of the garage constituted not only new construction in violation of the agreement but also made that structure a "disagreeable building" that "looks like a hen house." It is undisputed that the covering of the roof, which was always tar paper, was replaced with the same material, and the building inspector testified that no building permit was required for whatever alterations were made to the garage.

On consideration of all the evidence the trial justice denied and dismissed the bill holding in effect that neither the agreement, which he construed as valid, nor the facts of record warranted him in granting the extraordinary relief asked for by complainants. A bill for specific performance is an application addressed to the judicial discretion of a court of equity to be exercised on equitable considerations in view of all the circumstances of the cause. *Ball* v. *Milliken,* 31 R. I. 36; *Smart* v. *Boston Wire Stitcher Co.,* 50 R. I. 409; *Gilman* v. *Murphy,* 67 R. I. 149. 5 Pomeroy's Eq. Rem. (2d ed.) §796. Assuming the validity of the agreement as hereinbefore stated, we see nothing in that instrument that would justify us under our well-settled rule in finding that the decision of the trial justice on the conflicting evidence was clearly wrong.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Higgins & Silverstein,* for complainants.

*Kennedy & Greene, Walter H. Sharkey,* for respondent.